UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 22-23280-CIV-MARTINEZ

RAORTO ARIAS,

    Plaintiff,

v.

UR MENDOZA JADDOU *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** came before this Court on Defendants U.S. Citizenship & Immigration Services ("USCIS") Director, Ur Medoza Jaddou, USCIS Miami Field Office Director, Linda Swacina, and U.S. Department of Homeland Security ("DHS") Secretary, Alejandro Mayorkas' Motion to Dismiss ("Motion"), (ECF No. 7). This Court reviewed the Motion, pertinent portions of the record, and applicable law and is otherwise fully advised in the premises. Accordingly, after careful consideration, the Motion is **GRANTED,** and the Complaint is **DISMISSED** for the reasons set forth herein.

By this action, pursuant to the Administrative Procedures Act ("APA"), Plaintiff requests review of the U.S. Citizenship and Immigration Services' decision to deny his I-485 Application for Adjustment of Status under Section 1 of the Cuban Refugee Adjustment Act ("CRAA"). (Compl. ¶¶ 1–3.) USCIS issued a decision dated May 1, 2019, determining that Plaintiff was inadmissible or statutorily ineligible to adjust his status due to, among other reasons, controlled substance violations. (*Id.* ¶ 14.) Plaintiff alleges these violations cannot serve as the basis for his ineligibility because they have been vacated by a circuit court. (*Id.* ¶ 15.)

Defendants moved to dismiss arguing that this Court lacks subject matter jurisdiction to

review actions taken by the federal government because Plaintiff failed to plead a waiver of sovereign immunity. (Mot. at 2.) Defendants assert that no statute in this case waives sovereign immunity. (*Id.* at 4.) Specifically, Defendants point out that the APA does not apply here because the CRAA places discretion in the hands of the Attorney General and under 5 U.S.C. § 701(a)(2), the APA does not apply where "agency action is committed to agency discretion by law." (*Id.* at 4.)

Plaintiff has failed to respond to the Motion. Under Local Rule 7.1(c) failure to file a response "may be deemed sufficient cause for granting the motion by default." "Indeed, the Eleventh Circuit has made clear that failure by a plaintiff to respond to a motion to dismiss argument constitutes an abandonment of that claim." *Hall v. BAC Home Loans*, No. 2:12-cv-3720, 2013 U.S. Dist. LEXIS 71645, at *17–18 (N.D. Ala. May 21, 2013) (citing *Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) for the proposition that "failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."); *cf Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (noting "[a]n unresponsive response is no response. In effect the plaintiff was defaulted for refusing to respond to the motion to dismiss. And rightly so."). Therefore, dismissal in favor of Defendants is warranted.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Motion, (ECF No. 7), is **GRANTED** as set forth herein.

2. The Clerk of the Court is **DIRECTED** to mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2023.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies Provided to:
All Counsel of Record